[S. F. No. 1312.    Department One.—May 25, 1900.]

## C. A. SPRECKELS, Respondent, v. C. C. BUTLER et al., Appellants.

CORPORATION—ACTION AGAINST STOCKHOLDERS—ASSIGNED NOTE—EVIDENCE—AGREEMENT FOR LOAN BY PLAINTIFF—CHECKS—NONSUIT.—In an action against the stockholders of a corporation upon a note of the corporation to a third person which was indorsed to the plaintiff, it is not ground for a nonsuit that it appears from plaintiff's evidence that plaintiff had agreed with one of the stockholders to loan the amount of the note to the corporation, and had given to such stockholder personally his check for that amount, and that a second check was afterward drawn by a firm of which such stockholder was a member, which was indorsed to the payee of the corporate note, who delivered the check to the corporation, and received its authorized note, which he immediately indorsed to the plaintiff.

ID.—LIABILITY OF CORPORATION AND STOCKHOLDERS.—The original liability of the corporation and its stockholders was to the one from whom the consideration of the authorized note was actually received, and to whom such note was made payable. Neither the corporation nor its stockholder could resist an action by him, on the ground that the money paid by him had been received from another person for the purpose of making the loan. The legal rights of the plaintiff rested upon his title to the note of the corporation indorsed to him by the authorized payee.

ID.—NO MATERIAL VARIANCE.—In such case there is no material variance between the complaint and the proofs of the actual advance of money by the plaintiff, which was finally passed through the hands of the payee of the note to the corporation, which could in any way mislead the defendants.

ID.—EVIDENCE—LOAN—ASSIGNMENT—EXCLUSION OF TESTIMONY OF PAYEE. It is not material error to exclude general questions asked of the payee of the note, not purporting to relate to the transactions set forth in the complaint and testified to by the plaintiff, but generally as to whether such payee had at any time loaned any money to the corporation, or whether the corporation had borrowed any money from him. The further question as to whether he assigned the note to the plaintiff, after he had admitted that, was properly excluded as immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Rodgers & Paterson, and Morrison & Cope, for Appellants.

Wilson & Wilson, and Edward R. Taylor, for Respondent.

HARRISON, J.—The defendants are stockholders in the "S. S. Construction Company," a corporation, and the plaintiff is the holder of a promissory note executed by the corporation to one Foerster for money received by it from him while the defendants were such stockholders, and seeks by this action to recover from them their proportion of the indebtedness for which the note was given. Judgment was rendered in favor of the plaintiff, from which the defendants have appealed.

The complaint sets forth the plaintiff's cause of action in three counts, the first alleging that on the 26th of January, 1892, the corporation became indebted to Foerster in the sum of fifty thousand dollars for money loaned and advanced to it by him for use in its ordinary business, which it agreed to repay to him with interest at the rate of eight per cent per annum, and that on the same day Foerster sold, assigned, and transferred to the plaintiff all his claim and demand against both the corporation and the defendants as stockholders therein. The second count, after alleging the loan of the money by Foerster, alleges that on that day, and as evidence of said indebtedness, the corporation executed its promissory note to him for said amount, payable one year after date, with interest at the rate of eight per cent per annum, and that thereafter on the same day Foerster indorsed and delivered the note to the plaintiff. The third count alleges the loan of money by Foerster to the corporation, and that he thereupon assigned and transferred to the plaintiff all the indebtedness then due and owing, or thereafter to become due and owing by reason of said indebtedness against the corporation and against the defendants as stockholders therein. Appropriate allegations are made in each of the counts of the amount of the capital stock held by each of the defendants, and that the note, as well as the indebtedness represented by it, were unpaid.

At the trial the following facts were shown on behalf of the plaintiff: In the early part of January, 1892, the defendant

Buck, who was a stockholder in the corporation, solicited and obtained from the plaintiff a promise to loan the corporation the sum of fifty thousand dollars. As the plaintiff was about to leave the city for several days, and might not return before the corporation would require the money, he drew his check on January 15th for that amount of money on the Bank of British Columbia in favor of Buck, who gave it to him for that purpose. Buck deposited the check to the credit of the firm of N. Ohlandt & Co., of which he was a member, in the Anglo-Californian Bank, on the 18th of January, and on the same day it was paid by the Bank of British Columbia through the clearing-house. Foerster was a member of the law firm of Morrison & Foerster, who appear to have acted as the legal advisers of the corporation in this transaction, and on January 20th a resolution was passed by the board of directors of the corporation authorizing its president and secretary to execute and deliver to him its promissory note bearing date January 26, 1892, in the form which is set forth in the complaint. Before that date the plaintiff had returned to San Francisco, and was present at the completion of the transaction at the law office of Morrison & Foerster, where some of the defendants were also present. The note had been previously drawn up in accordance with a resolution of the board of directors, and on the 26th was at the office of Morrison & Foerster, but in whose custody does not appear. A check of N. Ohlandt & Co. for the amount of the note had been drawn on that day to the order of Behrend Joost, who was the general manager of the corporation, and by him indorsed to the order of Foerster. The check was thereupon indorsed by Foerster to the order of the corporation, who received from it its note executed as above, which he immediately indorsed in blank, adding the words "without recourse to me," and delivered to the plaintiff. The corporation afterward collected the check and used its proceeds in its ordinary business.

At the close of the plaintiff's evidence the defendants moved for a nonsuit upon the ground that the material allegations of the complaint were not sustained by the evidence; that the evidence failed to show that there had been any indebtedness or liability from the corporation to Foerster, or any loan of money by him to the corporation, or that he had ever assigned to the

plaintiff the note, or any claim against the corporation; that there was a material variance between the allegations of the complaint and the proofs offered—the allegation being that there was an indebtedness of the corporation to Foerster, while the evidence showed that the money was loaned to the corporation directly from the plaintiff, and that the indebtedness was from the corporation to him. The court denied the motion, and this ruling is the principal error argued upon this appeal.

The argument in support of the motion for a nonsuit is specious rather than substantial. Upon an analysis of the ultimate relations between the plaintiff and the corporation, it might be said that the loan of money was from him to the corporation, but in the legal sequence of the acts by which the transaction was consummated the liability of the corporation was created in favor of Foerster, and the right of the plaintiff to enforce this liability was derived through the indorsement to him of the note which the corporation had executed to Foerster. The original liability of the corporation was incurred at the time the note was executed. The consideration for the note was the money received by it upon the check which it received from Foerster. The transactions by means of the check and its indorsements are to be considered with the same effect as if instead thereof Foerster had received the money from the drawer of the check and delivered it to the corporation at the time he received its note. The receipt by the corporation from Foerster of the check was the creation of a corporate liability for which the stockholders at that time became liable by virtue of the statute as fully as if it had at that time received the fifty thousand dollars from him in money. The liability of the corporation, as well as that of the stockholders, for this amount of money, whether received in this manner or upon the check, was not varied by the fact that it gave its note therefor. The note was evidence of its obligation, and furnished a simple mode of establishing its liability. But, if the note had not been given, the corporation could not have defended a suit by Foerster for the recovery of the money merely upon the ground that he had obtained the money from the plaintiff. If Foerster had retained the note, he would have had a right of action thereon against the corporation according to its terms, and also a right of action

against the defendants upon their statutory liability for the indebtedness of the corporation created at the same time with the execution of the note, and neither the defendants nor the corporation could have resisted a recovery by showing that the money represented by the note had been received by him for the purpose of making the loan. So long as Foerster held the note he alone had a cause of action for the money, which was its consideration, against either the corporation or its stockholders. The corporation dealt wholly with him, and had no dealings with the plaintiff, and until the indorsement of the note to the plaintiff there was no contractual relation between the plaintiff and the corporation. Whether this indorsement was made on the day that the note was executed, or at any time thereafter, was immaterial. Until it was made the plaintiff was legally a stranger to the transaction between the corporation and Foerster. By its indorsement to him he acquired all the rights previously held by Foerster. This indorsement included an assignment of the indebtedness or obligation for which the note was given, and the right to enforce that obligation against either the corporation or the stockholders as fully as Foerster could have enforced it previous to the indorsement.

It must be held, therefore, that the evidence offered at the trial was in support of the allegations of the complaint, and that the court did not err in refusing to grant a nonsuit. These allegations clearly show an existing liability on the part of the corporation, and that this liability was created at a time when the defendants were stockholders therein. For the purpose of establishing their liability as stockholders it was proper for the plaintiff to set forth in the complaint, and to show at the trial, the facts constituting the transaction by which the corporate liability was originally created, but for the purpose of establishing the liability of the defendants it was immaterial whether Foerster furnished the consideration of the note from his own funds, or from moneys which originally came from the plaintiff for the purpose of being loaned to the corporation. Their liability for the indebtedness created by the transaction would be the same in either case. It is very clear that the defendants were in no respect misled by the proofs at the trial, from what the allegations in the complaint may have authorized them to

believe, or that they were in any respect prejudiced in maintaining a defense to the action, nor has there been any claim by them, either when making the motion before the trial court or in support of their appeal herein, that they were in any respect misled or prejudiced.

On the part of the defense, Mr. Foerster was called as a witness and asked whether he had at any time loaned any money to the corporation, or whether the corporation ever borrowed any money from him. Upon the objection of the plaintiff the court excluded any answer to the question. The questions asked of the witness were general in their character, did not purport to relate to the transactions set forth in the complaint or testified to on behalf of the plaintiff, and were properly excluded by the court. The questions were, moreover, objectionable as seeking to have the witness determine whether the transaction testified to constituted a "loan" by him of the money represented by the note. The further question whether he ever "assigned" the note to the plaintiff was immaterial, in view of the admission that his indorsement thereon was genuine.

The judgment is affirmed.

Van Dyke, J., and McFarland, J., concurred.

Hearing in Bank denied.